WILLIAM CRANCH, Chief Judge ; J. BUCKNER THURSTON and JAMES
S. MORSELL, Associate Judges.

---

### WILLIAM M. McCAULEY

*vs.*

### MARY McCAULEY ET AL., HEIRS OF GEORGE McCAULEY

EQUITY. DECIDED NOVEMBER 28, 1840.

*To Establish a Lien.*

On the death of a father who has died intestate a lien will not arise on land of which he died seized in favor of a son who had improved it in his father's lifetime, nor where he had paid certain debts incurred by his father. He must proceed at law against the personal representatives of the deceased.

JAMES HOBAN for complainant.

JOHN MARBURY for defendant.

This is a bill claiming a specific and distinct lien on premises on account of improvements made on the property and debts paid by the complainant.

The cause was set for hearing on bill, exhibits and demurrer.

The facts appearing in the complainant's bill are as follows:

That the father of William M. McCauley died intestate, seized of a lot in the city of Washington; that an application had been made to the Circuit Court of the District of Columbia for a division of the estate, and that the commissioners appointed had determined that the said lot could not be divided without loss, and that they had returned the value in current money.

That the complainant, with the consent of his father, made improvements on said lot for their joint benefit to the amount of $853.65. That after the death of the intestate the widow occupied the premises until her death. That since the death of the widow the rents of the premises were received, to be devoted and were devoted, to the support of the unmarried sisters of the complainant. That the complainant paid certain of his father's notes. The suit was brought for the purpose of getting a conveyance of the premises on paying the difference between the assessed value of the property, and the amount advanced on the notes and improvements.

Mr. Marbury, for the defendants, demurred:

1st. That there is no equity in the bill.

2nd. That if the claims of the complainant be well founded, he has a remedy at law against the personal representatives of the deceased.

On hearing the arguments of the counsel in the case, the court decreed that the bill be dismissed with costs.